UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SYLVESTRE ACOSTA,

                    Movant,

        -vs-

UNITED STATES OF AMERICA,

                    Respondent.

_____

**DECISION AND ORDER**
**Civil Case**
**No. 1:16-cv-00401-MAT**

**Criminal Case**
**No. 1:03-cr-00011-MAT**

## I.    Introduction

On December 17, 2004, movant Sylvestre Acosta ("Acosta") was convicted, in pertinent part, of three counts of using a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Specifically, Counts 6 and 7 of the indictment charged Acosta with using a firearm in furtherance of deprivation of rights under color of law, in violation of 18 U.S.C. § 242; Count 9 charged Acosta with using a firearm in furtherance of a conspiracy against rights in violation of 18 U.S.C. § 241. Acosta has filed § 2255 motions challenging Counts 6, 7, and 9 pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) ("2015 Johnson"), and United States v. Davis, 139 S. Ct. 2319 (2019) ("Davis"). Respondent, the United States of America ("the Government"), concedes that Count 9 should be vacated but argues that Counts 6 and 7 are still valid.

The § 2255 proceeding was transferred to the undersigned on

September 17, 2017. For the reasons discussed below, the Court grants the § 2255 motions; vacates Counts 6, 7, and 9; orders Acosta released on bail; and transfers the case to the original sentencing judge, Hon. Richard J. Arcara, United States District Judge ("the Sentencing Court"), for a plenary resentencing proceeding.

## II. Procedural Status

On December 17, 2004, following a jury trial, Acosta was convicted of a violation of 18 U.S.C. § 242 (Count 1 charging a misdemeanor deprivation of rights); two counts of felony violations of 18 U.S.C. § 242 (Counts 2 and 3 charging a deprivation of rights through the use, attempted use or threatened use of a dangerous weapon, explosives, or fire); a violation of 18 U.S.C. § 241 (Count 5 charging conspiracy to deprive someone of their rights); and three violations of 18 U.S.C. § 924(c) (Counts 6, 7, and 9 charging unlawfully using and carrying a firearm during and in relation to the crimes of violence in Counts 2, 3 and 5)).[1] Acosta was sentenced to one day's imprisonment for the deprivation of rights counts and an aggregate term of 45 years' imprisonment on the three § 924(c) counts (the mandatory minimum under the United States Sentencing Guidelines),

---

[1] Acosta also was convicted of three violations of 18 U.S.C. § 242 (deprivation of rights under color of law) (Counts 1-3) and one violation of 18 U.S.C. § 241 (conspiracy against rights) (Count 5), but he does not challenge those convictions in the present proceeding.

those terms to be served consecutively.

On direct appeal, Acosta principally argued that (1) his § 924(c) conviction should be reversed because § 242 is not a crime of violence, and (2) his § 924(c) conviction should be reversed because § 241 also is not a crime of violence. The Second Circuit affirmed the convictions and sentences. United States v. Acosta, 470 F.3d 132 (2006) (per curiam) (addressing the foregoing two arguments regarding the § 924(c) convictions); see also United States v. Acosta (summary order) (addressing Acosta's other appellate arguments). In particular, the panel in the published decision held that the offense of a deprivation of rights under color of law resulting in bodily injury or involving a dangerous weapon under 18 U.S.C. § 242 was a "crime of violence" for purposes of the offense of carrying a firearm during and in relation to any crime of violence, 470 F.3d at 136, and that the offense of conspiring to seek to injure, oppress, threaten, or intimidate any person in connection with exercising or enjoying constitutional rights under 18 U.S.C. § 241 was a crime of violence. Id. at 136-37. The Supreme Court denied certiorari. Acosta v. United States, 552 U.S. 1037 (2007).[2]

----

[2] Following the affirmance of Acosta's convictions and sentences on direct appeal, the Supreme Court issued several landmark decisions relevant to his case. On March 2, 2010, the Supreme Court decided Johnson v. United States, 559 U.S. 133 (2010) ("2010 Johnson"), a case involving the interpretation of the "force clause" of Armed Career Criminal Act ("ACCA"). In 2010 Johnson, the Supreme Court held that "the phrase 'physical force'" in ACCA's force clause "means violent force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140. Five years later, the Supreme Court invalidated the

Acosta filed his first § 2255 motion on November 26, 2008, which the Sentencing Court denied in a written decision and order on September 27, 2010.

On May 20, 2016, Acosta timely filed a successive § 2255 motion, arguing that his § 924(c) sentences were illegal based on the Supreme Court's holding in 2015 Johnson that the residual clause of the ACCA was unconstitutionally vague. Acosta argued that since § 924(c)'s residual clause, § 924(c)(3)(B), is materially indistinguishable from the ACCA's residual clause, it likewise violates due process. See Docket No. 242. Acosta sought authorization from the Second Circuit, as required by 28 U.S.C. § 2255(h), to proceed with his successive § 2255 motion in this Court. See Acosta v. United States, No. 16-1492 (2d Cir.).

On June 8, 2018, the Second Circuit granted the motion to file a successive § 2255 motion, finding that Acost "made a prima facie showing that his claim satisfies § 2255(h)[3] and warrants fuller exploration by the district court." Docket No. 248. The Second Circuit further observed that "[s]ection § 924(c)(3)(B) is essentially identical to 18 U.S.C. § 16(b), which was found

residual clause of ACCA in 2015 Johnson, 135 S. Ct. at 2563. Less than one year after that, on April 28, 2016, the Supreme Court held that the rule of 2015 Johnson applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265, 1268 (2016).

[3] "§ 2255 requires that a federal habeas petitioner's second or successive motion contain a claim that relies on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" Massey v. United States, 895 F.3d 248, 251 (2d Cir. 2018) (quoting 28 U.S.C. § 2255(h)(2)), cert. denied, 139 S. Ct. 1354 (2019).

unconstitutional by the Supreme Court in <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018), largely based on the Supreme Court's analysis in [2015 ]<u>Johnson</u>." Docket No. 248, p. 1. Having found one claim that satisfied § 2255(h), the Second Circuit did not examine Acosta's other proposed claims. <u>Id.</u>, p. 2.

Acosta then filed a Supplemental Memorandum of Law (Docket No. 255) in support of his successive § 2255 motion. The Government filed a Response (Docket No. 256) and a Supplemental Response (Docket No. 257). Acosta filed a Reply (Docket No. 259). On August 3, 2018, Acosta filed a Notice of Supplemental Authority (Docket No. 262), namely, <u>United States v. Eshetu</u>, Case No. 15-3020 (D.C. Cir. Aug. 3, 2018) (<u>per</u> <u>curiam</u>), wherein the D.C. Circuit joined the Tenth and Seventh Circuit Courts of Appeals in finding 18 U.S.C. § 924(c)'s residual clause unconstitutionally vague in light of the Supreme Court's decision in <u>Dimaya</u>, 138 S. Ct. at 1213, 1223 (holding that, based on <u>Johnson</u>, 18 U.S.C. § 16(b)'s crime of violence definition is unconstitutionally vague).

On September 11, 2018, Acosta requested to stay the matter pending a decision from the Second Circuit as to whether to grant rehearing in <u>United States v. Barrett</u>, 14-2641-cr, 903 F.3d 166 (2d Cir. Sept. 10, 2018), in which the Second Circuit held that a Hobbs Act robbery conspiracy is a crime of violence under 18 U.S.C. § 924(c), thereby creating a circuit split with the D.C., Fifth, Seventh, and Tenth Circuits. The Government did not object to the

stay request, which the Court granted on September 12, 2018 (Docket No. 264).

On June 28, 2019, the Supreme Court granted the petition for writ of <u>certiorari</u> in <u>Barrett</u>. <u>See</u> <u>Barrett v. United States</u>, 139 S. Ct. 2774 (2019). The Supreme Court vacated the judgment and remanded the case to the Second Circuit for further consideration in light of <u>Davis</u>, holding that, based on <u>Johnson</u> and <u>Dimaya</u>, 18 U.S.C. § 924(c)'s residual clause, § 924(c)(3)(B), is unconstitutionally vague. <u>See</u> <u>Davis</u>, 139 S. Ct. at 2325-36. On August 30, 2019, the Second Circuit issued a decision vacating Barrett's convictions based on <u>Davis</u>.

Acosta returned to this Court on August 2, 2019, filing a Supplemental § 2255 Motion (Docket No. 267). The Government filed a Response (Docket No. 269). Acosta filed a Reply and Motion for Release on Bail (Docket No. 270). The motions were submitted without oral argument on August 26, 2019.

## III. Standard of Review Under § 2255

Title 28 U.S.C., Section 2255(a) allows a prisoner in federal custody to move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The § 2255

-6-

petitioner "bears the burden of proof by a preponderance of the evidence." Alli-Balogun v. United States, 114 F. Supp. 3d 4, 50 (E.D.N.Y. 2015) (citing Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000) (under § 2255, the movant bears burden of proving a Sixth Amendment denial of effective counsel on appeal by a preponderance of the evidence) (citing Harned v. Henderson, 588 F.2d 12, 22 (2d Cir. 1978)).

Even if the petitioner can show that a constitutional error was committed, relief under § 2255 is unwarranted unless the error had a "substantial and injurious effect," Brecht v. Abrahamson, 507 U.S. 619, 637 (1993), that resulted in "actual prejudice," id., to the petitioner. See Underwood v. United States, 166 F.3d 84, 87 (2d Cir. 1999) (applying Brecht's harmless error standard to § 2255 petition); see also, e.g., Cravens v. United States, 894 F.3d 891, 893 (8th Cir. 2018) ("A constitutional error is harmless in a post-conviction proceeding if the error did not have "substantial and injurious effect or influence" on the outcome of the proceeding and caused no "actual prejudice" to the defendant.") (quoting Brecht, 507 U.S. at 637; internal quotation marks omitted in original; citation omitted)). "When the record is evenly balanced as to whether a constitutional error had substantial and injurious effect or influence on the outcome, the error is not harmless." Cravens, 894 F.3d at 893 (quoting O'Neal v. McAninch, 513 U.S. 432, 435 (1995)).

**IV. Discussion**

**A.    Count 9**

In Count 9, Acosta was convicted of unlawfully using and carrying a firearm during and in relation to the crimes of violence pursuant to 18 U.S.C. § 241, which prohibits two or more persons" from "conspir[ing] to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same." 18 U.S.C. § 241.

In <u>Davis</u>, the Supreme Court considered the constitutionality of the residual clause of 18 U.S.C. § 924(c), § 924(c)(3)(B), which provides as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
> . . .
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(B). The Supreme Court ruled that, like the nearly identical language in the ACCA and 18 U.S.C. § 16(b), <u>see</u> 139 S. Ct. at 2325-26 (discussing 2015 <u>Johnson</u> and <u>Dimaya</u>), § 924(c)(3)(B) was "unconstitutionally vague." 139 S. Ct. at 2336.

In the absence of the now-stricken residual clause, for an offense to qualify as a "crime of violence," it must fit within 18 U.S.C. § 924(c)(A), known as the "force" or "elements"

clause, meaning it must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). However, the "United States Solicitor General has conceded that conspiracy to commit Hobbs Act robbery does not meet the requirements of the force clause: 'A Hobbs Act conspiracy need not [] lead to the commission of the planned robbery, and thus such a conspiracy does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," so as to qualify as a "crime of violence" under 18 U.S.C. 924(c)(3)(A).'" Docket No. 267 at 2 (quoting United States v. Davis, Brief for the United States, 2019 WL 629976, at *50 (citation omitted in original; brackets in original)).

Acosta argues that, like conspiracy to commit Hobbs Act robbery, conspiracy to deprive another of their rights requires only an agreement between defendants to do so; it need not lead to the actual deprivation of rights. Docket No. 267, p. 3. Thus, this offense could only be deemed a "crime of violence" under § 924(c)'s now-void residual clause. Id. Acosta notes that on direct appeal, the Second Circuit concluded that 18 U.S.C. § 241, the predicate for the § 924(c) conviction on Count 9, only qualified as a crime of violence under the now-void residual clause, given its reference to "substantial risk," the language used in § 924(c)(3)(B). See United States v. Acosta, 470 F.3d at 137 ("The government proved

-9-

that Acosta and [his co-defendant] knowingly joined the conspiracy charged under § 241, and that they used armed force to steal drugs during raids and in connection with the intimidation of suspected drug dealers. At a minimum, the conspiracy <u>created a substantial risk</u> that violence would be used to achieve its purposes.") (footnote omitted; emphasis supplied). Because conspiring to deprive another of their rights is no longer a crime of violence after <u>Davis</u>, Acosta argues, there is no basis for his § 924(c) conviction on Count 9.

The Government has indicated its agreement with Acosta that, in light of <u>Davis</u>, his conviction under 18 U.S.C. § 924(c) (Count 9) must be vacated since the predicate offense is conspiracy to deprive rights in violation of 18 U.S.C. § 241, which only qualifies as a crime of violence under the now-void residual clause of § 924(c). <u>See</u> Docket No. 269. The Government joins Acosta's request for a full resentencing hearing.

The Court agrees that Acosta's conviction and sentence on Count 9 violate Due Process and must be vacated and set aside.

### B. Counts 6 and 7

In Counts 6 and 7, Acosta was convicted pursuant to 18 U.S.C. § 924(c) of using a firearm in furtherance of committing Counts 2 and 3. Counts 2 and 3 charged Acosta with feloniously depriving another of rights under color of law, in violation of 18 U.S.C.

§ 242 ("§ 242"). Section 242[4] provides in pertinent part as
follows:

> [1] Whoever, under color of any law, statute, ordinance,
> regulation, or custom, willfully subjects any person . .
> . to the deprivation of any rights, privileges, or
> immunities secured or protected by the Constitution or
> laws of the United States . . . shall be fined under this
> title or imprisoned not more than one year, or both; and
> [2] if bodily injury results from the acts committed in
> violation of this section or if such acts include the
> use, attempted use, or threatened use of a dangerous
> weapon, explosives, or fire, shall be fined under this
> title or imprisoned not more than ten years, or both.

18 U.S.C. § 242.

On direct appeal, Acosta argued that Counts 6 and 7
(violations of 18 U.S.C. § 924(c)(3)) must be dismissed because the
predicate offenses (Counts 2 and 3) asserting 18 U.S.C. § 242
violations are not "crimes of violence," particularly in light of
the district court's jury instruction on the meaning of "use." See
Acosta's Brief on Appeal, 2005 WL 5431123 (2d Cir. Dec. 3, 2005);
Acosta's Reply Brief, 2006 WL 4524350 (2d Cir.). Acosta argued that
§ 242 could be divided into three distinct and separate offenses
for the purposes of the statutory divisibility[5] analysis. Under
clause two, the offense of which he was convicted, the "element of

---

[4]
Section 242 includes a misdemeanor violation, a felony violation, and a
capital felony violation. The statute's second clause, which begins with "[2]"
in the above quoted excerpt, contains the felony violation.

[5]
See, e.g., Dulal-Whiteway v. U.S. Dep't of Homeland Sec., 501 F.3d 116,
124-27 (2d Cir. 2007) (discussing development of categorical approach and
statutory divisibility analysis), abrogated on other grounds by Nijhawan v.
Holder, 557 U.S. 29, 129 S.Ct. 2294, 2298, 174 L.Ed.2d 22 (2009).

resultant bodily injury or inclusion of the use, attempted use or threatened use of a dangerous weapon does not transform the offense into a 'crime of violence' as defined in 18 U.S.C. § 924(c)(3)(A) or 18 U.S.C. § 924(c)(3)(B)" since the "offense still encompasses a wide range of conduct including non-violent conduct and inaction." 2005 WL 5431123 (citation omitted). Therefore, Acosta asserted, use of physical force is not a necessary fact for a § 242 conviction involving resultant bodily injury or use of a weapon so as to satisfy the requirements of § 924(c)(3)(A). Similarly, Acosta contended, it was illogical to conclude that § 242, "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense necessary to satisfy 18 U.S.C. § 924(c)(3)(B)." Id. (noting the "logical fallacy inherent in reasoning that simply because all conduct involving a risk of the use of force also involves a risk of injury then the converse must also be true") (quotation omitted).

After observing that Acosta was charged under the second clause of § 242, the Second Circuit asserted, without analysis, that this clause "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Acosta, 470 F.3d at 135. Therefore, the panel concluded, "it necessarily qualifies as a crime of violence under § 924(c)(3)(A)[,]" id., the elements clause. The Circuit explained

that

> [t]he use of a gun by a police officer to rob and
> intimidate suspected drug dealers, therefore, violates §
> 242's prohibition on 'the use, attempted use, or
> threatened use of a dangerous weapon' in the course of
> willfully depriving a person of his constitutional rights
> under color of law. That use also subjects the offender
> to enhanced punishment for carrying a firearm 'during and
> in relation to any crime of violence' under § 924(c).
> Consequently, no error occurred when Acosta's conviction
> under the second clause of § 242 served as a predicate
> crime of violence supporting his conviction under
> § 924(c). In reaching this conclusion, we align ourselves
> with the Fifth Circuit which held in <u>United States v.
> Williams</u>, 343 F.3d 423, 434 (5th Cir. 2003) that
> an offense based on the second clause of § 242 is a crime of
> violence for purposes of § 924(c).

<u>Acosta</u>, 470 F.3d at 135-36 (footnote omitted).

The Government here argues that Acosta's § 2255 claim
necessarily fails because the Second Circuit already decided the
issue and thus the law of the case doctrine applies. "The law of
the case ordinarily forecloses relitigation of issues expressly or
impliedly decided by the appellate court." <u>United States v.
Quintieri</u>, 306 F.3d 1217, 1229 (2d Cir. 2002) (internal quotation
marks omitted). Applying this general principle, the Second Circuit
has held that "section 2255 may not be employed to relitigate
questions which were raised and considered on direct appeal."
<u>Cabrera v. United States</u>, 972 F.2d 23, 25 (2d Cir. 1992) (internal
quotation marks omitted). "Nevertheless, application of the
doctrine remains a matter of discretion, not jurisdiction."
<u>United States v. Becker</u>, 502 F.3d 122, 127 (2d Cir. 2007) (citing

United States v. Tenzer, 213 F.3d 34, 39 (2d Cir. 2000)). "[T]his doctrine 'directs a court's discretion, it does not limit the tribunal's power.'" Arizona v. California, 460 U.S. 605, 618 (1983). "Accordingly, the doctrine 'does not apply if the court is "convinced that [its prior decision] is clearly erroneous and would work a manifest injustice."'" Pepper v. United States, 562 U.S. 476, 506–07 (2011) (quoting Agostini v. Felton, 521 U.S. 203, 236 (1997); brackets in original). The Second Circuit has found it appropriate to reconsider its earlier decisions "when . . . confronted with 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Becker, 502 F.3d at 127 (quotation and citations omitted); see also id. at 128 (citing Davis v. United States, 417 U.S. 333, 342 (1974) (holding that the law of the case doctrine did not preclude a petitioner from seeking § 2255 relief based on a change in the law that occurred after his conviction was affirmed on direct appeal)).

Here, there has been an "intervening change of controlling law," Tenzer, 213 F.3d at 39, namely, the Supreme Court's decision in Davis, 139 S. Ct. at 2336, striking § 924(c)(3)(B). Davis held that § 924(c)(3)(B) requires the "categorical" approach under which a sentencing court must determine whether the "ordinary case" of the charged predicate offense entails the requisite use of physical force. In Williams, on which the Second Circuit relied, the

defendant shot an apprehended, unarmed suspect in the back and was charged with violating § 242. The Fifth Circuit in Williams held that "the additional fact in the second clause [of § 242]—bodily injury or use of a dangerous weapon—creates a separate offense that necessarily satisfies either § 924(c)(3)(A) or (B)[,]" Williams, 343 F.3d at 432, explaining that "causing bodily injury necessarily includes the element of use of physical force" while "[t]he use, attempted use, or threatened use of a dangerous weapon obviously creates a substantial risk of physical force." Id. n.5.

In Acosta's case, the Second Circuit stated that his "use of a gun . . . to rob and intimidate suspected drug dealers . . . violates § 242's prohibition on 'the use, attempted use, or threatened use of a dangerous weapon'[.]" 470 F.3d at 135. Williams, however, stated that the use, attempted use, or threatened use of a dangerous weapon creates a substantial risk of physical force for purposes of § 924(c)(3)(B), see 434 F.3d at 432 n.2. As noted above, § 924(c)(3)(B), the risk of force clause, has since been found unconstitutionally vague in Davis. Thus, to the extent that the Second Circuit aligned itself with Williams, its holding that the second clause of § 242 satisfies the elements or force clause has been called into question by Davis.

The Government argues that Acosta's challenge to Counts 6 and 7 is grounded in 2010 Johnson rather than 2015 Johnson or Davis because he is simply arguing that § 242 does not qualify as a

violent felony under the elements clause, § 924(c)(3)(A) since it can be committed without the use of violent physical force as defined in 2010 Johnson. Because 2010 Johnson has not been made retroactive to cases on collateral review, the Government contends, it is not a proper basis for Acosta's § 2255 motion.

As an initial matter, "both Supreme Court and Second Circuit precedent support the proposition that a court can and should apply current case law when determining whether a constitutional error was harmless or prejudicial in the habeas context." Diaz v. United States, No. 1:11-CR-0381-MAT, 2016 WL 4524785, at *5 (W.D.N.Y. Aug. 30, 2016), adhered to on denial of reconsideration, No. 1:11-CR-00381-MAT, 2017 WL 1855895 (W.D.N.Y. May 9, 2017) (citing Lockhart v. Fretwell, 506 U.S. 364, 371-72 (1993) (concluding that the prejudice prong of a § 2255 claim based on ineffective assistance of trial counsel may be made with the benefit of the law at the time the claim is litigated); Mosby v. Senkowski, 470 F.3d 515, 524 (2d Cir. 2006) ("[T]he Supreme Court has held that current law should be applied retroactively for purposes of determining whether a party has demonstrated prejudiced under Strickland's second prong.")). "Moreover, and perhaps more importantly, considerations of public policy weigh strongly in favor of applying current law." United States v. Ladwig, 192 F. Supp.3d 1153, 1160 (E.D. Wash. 2016).

And, as other courts, including this one, have determined,

even if an argument "engages with the [2010 Johnson] holding, the availability of that argument . . . is wholly a product of the new rule announced in [2015 Johnson]." Shabazz v. United States, No. 16-1083, 2017 WL 27394, at *5 (D. Conn. Jan. 3, 2017); accord United States v. Brown, 249 F. Supp.3d 287, 291 (D. D.C. 2017); Diaz v. United States, 2016 WL 4524785, at *5. Before the new rule announced in 2015 Johnson, Acosta would not have had a viable challenge to his predicate § 242 conviction because § 924(c)(3)'s "'residual clause would have picked up wherever the elements clause left off.'" Brown, 249 F. Supp.3d at 291 (quoting Shabazz, 2017 WL 27394, at *5; alterations omitted). In other words, because Acosta's § 242 conviction would have qualified as a § 924(c) predicate under the residual clause, it "is only as a result of 2015 Johnson's voiding of the residual clause that [Acosta] could reasonably argue" that the second clause of § 242 is not a "violent felony" under the residual clause thus "'argue that he is no longer eligible for the [§ 924(c)] enhancement.'" Diaz, 2016 WL 4524785, at *5 (quoting Ladwig, 192 F. Supp.3d at 1160); accord Brown, 249 F. Supp.3d at 292.

Here, the Government has offered no evidence that the sentencing court premised its finding that the § 242 convictions qualified as predicates under the force or elements clause, § 924(c)(3)(A); instead, it relies on the Second Circuit's decision on direct appeal that a felony deprivation of rights under clause

two of § 242 has an element of physical force. But, as Acosta points out, it is axiomatic that the Sentencing Court could not have relied on the appellate court's reasoning in affirming the sentence. The Second Circuit found only that there was no "plain error" in the Sentencing Court's conclusion that a felony deprivations of rights can serve as a predicate crime of violence under § 924 (c). <u>See</u> <u>Acosta</u>, 470 F.3d at 135-36. However, the Second Circuit engaged in no discussion of, and rendered no conclusion on, the issue of whether the Sentencing Court actually relied on the force/elements clause, § 924(c)(3)(A). In <u>Ladvig</u>, for instance, the district court never made explicit findings about which of the ACCA's three clauses qualified the convictions at issue as predicate felonies. The § 2255 court found that the petitioner "successfully demonstrated constitutional error simply by showing that the [c]ourt might have relied on an unconstitutional alternative when it found that Mr. Ladwig's prior convictions for burglary and attempted rape were violent felonies." <u>Ladwig</u>, 192 F. Supp.3d at 1158-59. The fact that Ladwig's right to due process was "at stake lend[ed] additional weight to this conclusion" because, "[i]n the context of a potential deprivation of such a critically important right, a showing that the sentencing court might have relied on an unconstitutional alternative ought to be enough to trigger inquiry into whether the sentencing court's consideration of that alternative was ultimately harmless." <u>Id.</u>

Here, while the record indicates that the sentencing court relied on the residual clause for Count 9,[6] the record is unclear as to the basis for finding that the § 242 felony deprivation of rights conviction qualified as a predicate. As Acosta argues, neither the pre-sentence report ("PSR") nor the sentencing transcript articulated whether the felony deprivation of rights conviction under clause two of § 242 qualified under the force/elements clause or the residual clause. Docket No. 259 at 12 (citing Docket No. 188 (PSR); Docket No. 219)). In addition, Acosta argues, the jury instructions included no element of force, see Docket No. 259 at 13 (citing Docket No. 126 at 17-28, 36-39); in fact, the Court identified the minimum criminal conduct that rendered Acosta culpable as the mere presence of the gun. Id. (citing Docket No. 185 at 9 (stating that the "jury could have found . . . Acosta used or carried a firearm to . . . potentially facilitate the crimes . . . [if] [t]he firearm was also available to protect Acosta); Docket No. 126 at 28 (jury instruction on deprivation of rights count stated that "[t]o use or attempt to use

    6
    The sentencing court ruled that § 241 was a crime of violence for purposes of § 924(c), relying on United States v. Greer, 939 F.2d 1076, 1098-99 (5th Cir. 1991). Docket No. 255 at 3 (citing Docket No. 1985 at 16)). In Greer, the Fifth Circuit reasoned that "'injure, oppress, threaten and intimidate' have definitions that assume force can be used[.]" 939 F.2d at 1099 (emphases added)). In Acosta's case, the conduct identified by the sentencing court as supporting the crime-of-violence finding was that Acosta had the firearm "available to protect [him] in the event that victim residents attempted to resist or harm him." Docket No. 185 at 9. The Second Circuit affirmed, finding that § 241 could not qualify under the force/elements clause, § 924(c)(3)(A). Acosta, 470 F.3d at 136. As discussed above, the Government has conceded that the § 241 cannot serve as a predicate felony because it only qualifies under the residual clause invalidated by Davis.

or threaten the use of a dangerous weapon means having the dangerous weapon available to assist or aid. . . . The government is not required to show that the defendant actually used the dangerous weapon.")). As Acosta points out, this theory of criminal liability fits within the Second Circuit's precedent at that time holding that a felon in possession of a firearm qualified as a crime of violence under the residual clause, because "possession of a gun gives rise to <u>some</u> risk that the gun may be used in an act of violence . . . [and] [p]ossession of a gun greatly increases one's ability to inflict on others and therefore involves some risk of violence." <u>United States v. Dillard</u>, 214 F.3d 88, 93-94 (2d Cir. 2000) (emphasis in original).

In light of the foregoing factors, the Court finds that Acosta has shown that the sentencing court might have relied upon the residual clause in finding that his § 242 convictions qualified as crimes of violence. Moreover, the Court finds that Acosta has established that, more likely than not, his sentences for the § 242 convictions rested on the residual clause. Under either standard used by the circuit courts[7] to have addressed the issue, the Court

---

[7] The Second Circuit has not addressed the petitioner's burden in showing reliance when it is unclear from the sentencing record whether he was sentenced under the residual clause or force/elements clause. Docket No. 259 at 11 n.9 (citing <u>Massey</u>, 2018 WL 3370584, at *4 n.10). The Fourth, Fifth, and Ninth Circuits have held that a constitutional violation is shown if the sentence "may have rested on" an unconstitutional provision. <u>United States v. Geozos</u>, 870 F.3d 890, 896 (9th Cir. 2017); <u>see</u> <u>also</u> <u>United States v. Winston</u>, 850 F.3d 677, 682 (4th Cir. 2017); <u>United States v. Taylor</u>, 873 F.3d 476, 480-82 (5th Cir. 2017). The First, Tenth, and Eleventh Circuits have found that a petitioner must demonstrate reliance, by a preponderance of the evidence, on an unconstitutional ground for sentencing. <u>See</u> <u>Dimmott v. United States</u>, 881 F.3d 232, 243 (1st Cir.

-20-

concludes, Acosta has shown prejudicial constitutional error.

Finally, the Court notes that Acosta has pointed out that, in a recent out-of-district § 2255 motion, the Government did not argue that a violation of § 242 qualifies as a crime of violence under § 924(c)(3)(A). Moreover, it conceded that § 242 no longer can be a crime of violence following Davis's invalidation of the residual clause. Docket No. 270 at 1-2 (citing Exhibit A, United States' Unopposed Motion to Vacate District Court Order and Judgment and to Remand with Direction to Grant Appellant's Requested Relief at 10-11, ECF No. 010110200417, in United States v. Ryle, No. 19-8007 (10th Cir. July 19, 2019)). In Ryle, the Tenth Circuit accordingly vacated the defendant's conviction under § 242. Docket No. 270 at 2 (citing United States v. Ryle, ___ F. App'x ___, 2019 WL 3321877 (10th Cir. July 24, 2019)). The Government in this case did not file a request for leave to file a sur-reply to explain this disparity in its litigating positions in the two cases. Its concession of the merits of Acosta's argument in the Ryle case significantly undermines the strength of its counter-arguments before this Court that Counts 6 and 7 remain valid following Davis.

---

2018); United States v. Snyder, 871 F.3d 1122, 1128-30 (10th Cir. 2017); Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

## C.  Application of the First Step Act

Acosta argues that at his upcoming resentencing hearing, he is entitled to the benefit of Section 403 of the First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22 ("the First Step Act"), enacted December 18, 2018. The Government disputes this, asserting that the Act does not apply retroactively. As discussed below, the Court agrees with Acosta.

The Supreme Court has made clear that a plenary resentencing is conducted on a blank slate. See Pepper v. United States, 562 U.S. at 507 (court of appeals' decision setting aside Pepper's entire sentence and remanding case for a de novo resentencing "effectively wiped the slate clean"). "'[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing.'" Quintieri, 306 F.3d at 1230 (quoting United States v. Bryson, 229 F.3d 425, 426 (2d Cir. 2000) (per curiam)).

"The general rule is that a defendant should be sentenced under the law in effect at the time of sentencing." United States v. Grimes, 142 F.3d 1342, 1351 (11th Cir. 1998) (citing, inter alia, United States v. Guardino, 972 F.2d 682, 687 (6th Cir. 1992)); Hughey v. United States, 495 U.S. 411, 413 n. 1 (1990) (agreeing with the lower court's implicit conclusion that the law in effect at the time of sentencing controls), superseded by statute on other grounds as noted in United States v. Arnold, 947 F.2d 1236, 1237 (5th Cir. 1991)). As relevant here, the rule has

been interpreted to mean that an intervening change in statutory law applies at a resentencing even though the change in law was not the basis for reversal or vacatur. See, e.g., United States v. Hinds, 713 F.3d 1303, 1304 (11th Cir. 2013) (per curiam) (the Fair Sentencing Act applies to defendants whose offenses occurred prior to August 3, 2010, the date on which the statute took effect, but who were resentenced after August 3, 2010); United States v. Flanagan, 80 F.3d 143, 144 (5th Cir. 1996) ("safety valve" provision, 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2, enacted after defendant's original sentencing, applied to resentencing on remand); see generally Quintieri, 306 F.3d at 1230 ("[E]ven when a remand is limited, an issue may be raised if it arises as a result of events that occur after the original sentence.") (citing Bryson, 229 F.3d at 426 (holding that even when the remanding opinion ordered resentencing at a specific offense level, the district court could depart from this level if there were "intervening circumstances"); other citation omitted)).

Acosta points out that the Second Circuit has intimated, in dicta, that § 403 of the First Step Act applies on remand. Docket No. 270 at 4 (citing United States v. Brown, No. 18-434-CR, ___ F.3d ____, 2019 WL 3849553, at *4 & n.1 (2d Cir. Aug. 16, 2019) ("Resentencing will also afford Brown the opportunity to argue that he should benefit from section 403(b) of the First Step Act of 2018.")). In addition, as Acosta notes, two district courts from

other circuits have concluded that Section 403 of the First Step Act applies on remand. Id. (citing United States v. Jackson, No. 1:15 CR 453-001, 2019 WL 2524786, at *1 (N.D. Ohio June 18, 2019), appeal docketed 19-3711 (6th Cir. July 29, 2019) ("The Court finds that the express language in Section 403(b) demonstrates Congress's intent to apply the Section 924(c) penalty provisions retroactively.") (citing United States v. Uriarte, No. 09-CR-332-03, 2019 WL 1858516, at *1-*2 (N.D. Ill. Apr. 25, 2019) (holding that § 403(a) of the First Step Act applies retroactively)).

The Court agrees with the reasoning and result of these decisions. In practical terms, what this means for Acosta is that even if only Count 9 were vacated, the cumulative statutory minimum sentence on Counts 6 and 7 is 10 years or 120 months (5 years on Count 6 plus 5 years on Count 7) instead of 20 years (5 years on Count 6 plus 20 years on Count 7). See Docket No. 270 at 5. At this point, Acosta has already served more than 175 months (more than 14 and a half years), which is well over the 120 months which he would face after application of the First Step Act.

**D.   Release on Bail**

The Court now turns to Acosta's request that he be admitted to bail pending resentencing.

It is well settled that "'[a] district court has inherent power to enter an order affecting the custody of a habeas

-24-

petitioner who is properly before it contesting the legality of his custody.'" Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001) (quoting Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978); citing Argro v. United States, 505 F.2d 1374, 1377–78 (2d Cir. 1974); alteration in original)). The Second Circuit has described the power as "limited" and applicable "only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Ostrer, 584 F.2d at 596 n. 1 (internal quotation marks and citation omitted); accord Mapp, 241 F.3d at 226. In the present case, the Court concludes that Acosta has demonstrated the existence of exceptional circumstances which make bail necessary to provide an effective habeas remedy. Specifically, in this Decision and Order, the Court has vacated three of Acosta's convictions and it appears that he has currently overserved his sentence, assuming that the First Step Act is applied at the forthcoming resentencing. The Government's conclusory assertion that the First Step Act should not apply at resentencing does not outweigh the case law, cited above, finding that a defendant sentenced prior to the First Step Act is entitled to the benefit of that statute at a plenary resentencing. Under these circumstances, the impact on Acosta's liberty interest if this Court does not admit him to bail appears to be substantial. The Government has not demonstrated that such interest is outweighed by countervailing factors. Notably, Acosta

was on pre-trial supervision for nearly two years and was compliant with all conditions of release. Docket No. 270 at 7.

## VI. Conclusion

For the foregoing reasons, the Court lifts the stay (Docket No. 264); grants Acosta's § 2255 Motion (Docket No. 242) and Supplemental § 2255 Motion (Docket No. 267); vacates the convictions on Counts 6, 7, and 9; remands the matter for a plenary resentencing. The Court also grants Acosta's request for bail, and the Bureau of Prisons is directed to immediately release him from custody, under appropriate conditions of supervision. The Clerk of Court is directed to close Case Number 1:16-cv-00401-MAT and transfer 1:03-cv-00011-MAT to Hon. Richard J. Arcara, United States District Judge.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     September 2, 2019
           Rochester, New York