IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,
                Respondent

v.                                             03-CR-11-RJA

SYLVESTRE ACOSTA,
                Defendant/Petitioner.

---

### PARTIES' STIPULATION AND AGREEMENT FOR RESOLUTION OF DEFENDANT/PETITIONER'S MOTION FILED UNDER 28 U.S.C. §2255

The United States of America, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Joseph M. Guerra, III, Assistant United States Attorney, of counsel, (hereinafter "the government"), and the Sylvestre Acosta, defendant-petitioner, individually and through his attorney, Marianne Mariano, Federal Public Defender (hereinafter "defendant"), hereby stipulate and agree to the following in order to resolve the petition filed pursuant to Title 28, United States Code, Section 2255 by the defendant and to terminate all litigation in connection with the petition:

### Prior Proceedings

1.     On October 30, 2003, the defendant, and two co-defendants, were charged by way of a second superseding indictment with various civil rights and firearms violations. The defendant's trial before a jury began on November 30, 2004. Trial concluded on December 17, 2004, with the jury convicting the defendant of: Counts 1, 2, and 3, deprivation of civil rights in violation of 18 U.S.C. §242, as well as Count 5, conspiracy against rights in violation of 18 U.S.C. §241 (collectively hereinafter "civil rights counts"); and Counts 6, 7, and 9, use of firearm to commit a crime of violence in violation of 18 U.S.C. §924(c) (collectively

hereinafter "firearms counts"). Following the jury's verdict, the defendant's bail was revoked and he was remanded into custody.

2. Prior to sentencing, a presentence report (hereinafter "PSR") was prepared by the Probation Office. The PSR calculated the defendant's advisory sentencing range for imprisonment under the Sentencing Guidelines for the civil rights counts as 41 to 51 months (PSR, ¶73). The PSR also recognized that by statute, the mandatory minimum aggregate sentence of imprisonment on the firearms counts was 45 years consecutive to the sentence on the civil rights counts (PSR, ¶72).

3. The defendant was sentenced on May 11, 2005. At sentencing, the Court granted a variance from the Sentencing Guidelines on the civil rights counts and imposed a sentence of imprisonment on those counts of one day. The Court imposed the mandatory aggregate sentence on the firearms counts of 45 years imprisonment for a total sentence of imprisonment of 45 years and 1 day. The defendant was also sentenced to a term of 3 years supervised release. The defendant's convictions and sentence were affirmed on appeal by the United States Court of Appeals for the Second Circuit.

4. In 2008, the defendant filed a first petition under 28 U.S.C. §2255. The petition was denied and the defendant's appeal from the denial was dismissed by the Court of Appeals for the Second Circuit.

5.      On May 20, 2016, the defendant filed a second petition under 28 U.S.C. §2255. The basis of the petition was that the then-recent decision of the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015), invalidated the defendant's convictions on the firearms counts. The Court of Appeals granted permission for the filing of the second 2255 petition in June 2018. Upon the request of the defendant, the petition was stayed in September 2018. Following the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), the stay was lifted and further briefing ordered by the Court.

6.      In substance, the defendant's position in his briefing was that the Supreme Court's decision in *Davis* mandated the vacation of the defendant's convictions on all three firearms counts and that he was entitled to a plenary re-sentencing. In the alternative, the defendant argued that, if less than all the convictions on the firearms counts were vacated, he should receive the benefit of the amendments made to 18 U.S.C. §924(c) by the First Step Act such that the enhancements for a second conviction not be applied to him.

7.      In its briefing, the government agreed that, based on *Davis*, insofar as defendant's firearms conviction on Count 9 was predicated on the civil rights conspiracy count, it should be vacated. The government took the position that the firearms convictions on Counts 6 and 7 were valid post-*Davis* and that, upon resentencing, the defendant should not receive the benefit of the First Step Act.

8.      By way of a decision and order granted September 2, 2019, the Court granted the defendant's 2255 petition, vacated the convictions on all of the firearms counts (*i.e.,*

Counts 6, 7 and 9), and directed that defendant be immediately released on bail pending re-sentencing. The Court also found that, if only one of the firearms counts was vacated, the defendant should receive the benefit of the First Step Act at re-sentencing. As a result of the Court's decision, the defendant is pending re-sentencing on the civil rights counts, Counts 1, 2, 3 and 5.

9. The defendant was released by the Bureau of Prisons on September 3, 2019. He was in custody approximately 14 years and 9 months before his release.

### Resolution of Petition

10. The government currently has the options of pursuing a motion for reconsideration of the order granting the 2255 petition, and should that be unsuccessful in whole or in part, pursue an appeal to the Court of Appeals for the Second Circuit. Considerations in making the determination of whether to pursue either or both options is that the defendant has served in excess of 14 years imprisonment for his convictions in this action, the sentencing range for imprisonment on the civil rights counts is 41 to 51 months, and the outcome of a motion for reconsideration and an appeal are uncertain.

11. The defendant does face the risk that the government will prevail, either on reconsideration or appeal, the result of which may be additional imprisonment he will serve.

12. "A federal court has broad discretion in conditioning a judgment granting habeas relief." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Further, 28 U.S.C §2255 provides that:

> If the court finds ... that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. §2255(b).

13. In this action, parties agree that the defendant is entitled to relief, as at least one of his firearms convictions, Count 9, is no longer valid in light of *Davis*. There is disagreement as to whether the defendant is entitled to further relief, although this Court has found that he is. Ultimate resolution of the parties' disagreement would entail further litigation that will consume not only the resources of this Court, but of the Court of Appeals and the parties themselves.

14. Accordingly, to resolve this action, and in light of the length of the imprisonment the defendant has already served, the parties agree:

   a) the defendant's term of imprisonment on Counts 1, 2, 3, and 5 shall be reduced to time served;

   b) the 3 year term of supervised release shall be re-imposed;

   c) all other terms of the previously imposed sentence shall remain in effect; and

   d) an amended judgment shall be entered reflecting the above.

15) Should the Court approve this stipulation, the parties agree that neither party will seek further review of this Court's decision granting the 2255 petition or the amended judgment, either before this Court or the United States Court of Appeals for the Second Circuit, by way of appeal, collateral attack, or otherwise.

16) The defendant hereby waives any right he may have pursuant to Rule 43 of the Federal Rules of Criminal Procedure to be present for a re-sentencing proceeding.

SO STIPULATED AND AGREED:

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
JOSEPH M. GUERRA, III
Assistant United States Attorney

Dated: November 8, 2019

_____
MARIANNE MARIANO
Federal Public Defender
Attorney for the Defendant

Dated: November 8th, 2019

_____
SYLVESTRE ACOSTA
Defendant

Dated: November 8th, 2019

APPROVED AND SO ORDERED:

_____
HON. RICHARD J. ARCARA
United States District Judge

Dated: Buffalo New York, November 13, 2019

6